241 P.2d 790

**CHURCH et al. v. BAKER et ux.**

No. 5441.

Supreme Court of Arizona.
March 17, 1952.

D. Kelly Turner, of Phoenix, for appellant.

Clifford R. McFall, of Tucson, for appellees.

BLAKE, Superior Court Judge.

This appeal again brings before the court the asserted priority of a prior recorded realty mortgage as against a claim of lien for money due the State of Arizona for unpaid contributions of an employer under the lien provisions of the Employment Security Act of Arizona.

The matter is submitted on an agreed statement of facts, pursuant to section 21-1830, A.C.A.1939. A synopsis presents the following facts. Lloyd H. Wilford, an employer within the terms of the Act was in default for contributions for the quarters ending March 31, June 30, and September 30, 1949. On June 7, 1949, Wilford purchased certain real estate located in Pima County, Arizona, and gave his notes and mortgages in payment of the purchase price. The mortgages were recorded on

June 14, and 16th, 1949. On December 2, 1949, the Employment Security Commission, defendant-appellant, filed its claim of lien with the County Recorder of Pima County, for contributions due for the above periods. The lien was claimed against the above real estate and purportedly attached as of January 1, 1949.

The mortgages were assigned to A. L. Baker and Hassie Carne Baker, plaintiff-appellees, on April 1, 1950. Later, action was brought by them on the notes and to foreclose the mortgages and joined the commission as a party defendant. The lower court held that the mortgages were valid and a superior lien upon the property involved and that the commission had no interest or lien upon said premises, and entered judgment accordingly.

The commission appealed from that portion of the judgment denying its lien and contends that the trial court erred in failing to give force and effect to sections 56–1014g and 56–1014h, A.C.A.1939. The plaintiffs urge first that the lien provisions of the Act apply only to improved real estate and not to vacant and unimproved lots as are involved in the instant case, and secondly that a purchase money mortgage is paramount and superior to all other subsequent liens of every kind.

. We are of the opinion that it is unnecessary to consider plaintiffs' contentions as this case can and should be determined on the authority of its companion case, Myerson v. Sakrison (Employment Security Commission), 73 Ariz. 308, 240 P.2d 1198. In that opinion the statute is set forth and analysed. The court there was dealing with the identical question, namely, the priority of a recorded mortgage lien as against the commission's unrecorded lien for unpaid contributions. In the instant case the mortgages were recorded approximately six months before the commission's notice and claim of lien for unpaid contributions was filed and there is nothing in the record to show that the mortgagee had notice thereof or that he did not take in good faith. Therefore we have the same material circumstances as in the Myerson case.

In the Myerson case we held that under the Employment Security Act, as written, the lien authorized therein may have the effect of taking the property of a third person to pay the tax owed by an employer without a hearing, or due process of law, and would offend not only the Fourteenth Amendment to the Federal Constitution but also Article 2, Section 4 of the Constitution of Arizona.

We therefore hold that the provisions of section 56–1014h, supra, by which the commission's lien for unpaid contributions purportedly attaches from the date of the commencement of the labor for which the contributions etc. are due is unconstitutional and void as against a prior recorded mortgage taken in good faith and without

actual or constructive (i. e., recorded) notice of the commission's claimed lien.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concurring.

NOTE: Justice EVO DE CONCINI, being disqualified, the Honorable BENJAMIN BLAKE, Judge of the Superior Court of Graham County, was called to sit in his stead.